IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA YOUNG, Y63674, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| LATOYA HUGHES, | )   Case No. 25-cv-2191-DWD |
| CHAD JENNINGS, | ) |
| WILLIAM LOY, | ) |
| C/O HEMRICH, | ) |
| C/O STEVEN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Joshua Young an inmate of the Illinois Department of Corrections (IDOC) currently detained at Robinson Correctional Center, bring this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights via the failure of prison staff to provide safe drinking water for several years. (Doc. 5). The case was originally filed as a pro se multi-plaintiff action, but the plaintiffs have now opted to proceed independently and have each filed their own complaints.

Plaintiff Young's Amended Complaint (Doc. 5) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a

defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that he experiences frequent periods of drinking water at Robinson that he believes to be contaminated. He alleges that from August 26 to 29, 2024, the water was dark brown, so he and a fellow inmate filled a bottle and held it in front of the camera to document the situation. He claims there was no boil order, and he was not given any alternative water to drink by Defendant Jennings. From September 6 to 9, 2024, the water was again brown, and on this occasion he spoke with Warden Jennings about the situation. Jennings insisted the water was safe to drink, denied Illinois EPA violations, and refused adequate drinking water. (Doc. 5 at 7). Plaintiff alleges that on September 12, 2024, he documented health issues that he believed to be associated with the water issue. The water was discolored again from November 10 to 14, 2024, at which time Defendants Hemrich and Steven witnessed the issue. Steven retrieved water from the dietary unit, but it was still dark brown. There was no notice to inmates about the situation, and no other water was offered.

Plaintiff alleges that Defendant Hughes is aware of the water quality issues via many grievances, as well as documentation from the Illinois EPA. Plaintiff alleges that in response to at least one grievance, Hughes lied. He specifically claims that on September 17, 2025, she stated in a grievance response that there had not been a boil order since April of 2024, when in fact the Illinois EPA had issued a boil order from April 11 to

26, 2025.  Plaintiff alleges that this shows Defendant Hughes' utter lack of investigation into the situation, and it further demonstrates she did nothing to remedy the problem.

Plaintiff alleges that as a result of the water issues he is experiencing bumps and sores on his face, trunk, and legs, his legs and feet are discolored, and he has difficulty breathing.  (Doc. 5 at 8).  Plaintiff seeks compensatory and punitive damages.  In support of the Amended Complaint, Plaintiff submitted grievances, including the September 2025 response that Hughes signed indicating there had not been a boil order since April of 2024.  (Doc. 5 at 18).  In support of the original complaint, Plaintiff also submitted documentation from the Illinois EPA demonstrating that throughout 2023 and 2024, Robinson was subject to a Compliance Commitment Agreement designed to remedy issues with their water system.  (Doc. 1-1 at 1-43).

Based on the allegations in the Amended Complaint, the Court will designate the following claims:

> **Claim 1:** **Eighth Amendment deliberate indifference claim against Defendant Jennings for failing to remedy water issues at Robinson as alleged by Plaintiff in the Amended Complaint in 2024 and 2025;**
>
> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendant Hughes for failing to investigate or remediate the water issues as alleged by Plaintiff in the Amended Complaint at Robinson in 2024 and 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court.  Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.  See *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## PRELIMINARY DISMISSALS

Plaintiff faults Defendants Hemrich and Steven over a single interaction concerning discolored water in November of 2024. Generally, a single interaction with a prison employee is not enough to establish deliberate indifference absent extreme circumstances. *See e.g.*, Owens v. Duncan, 788 F. App'x 371, 374 (7th Cir. 2019) (a single interaction with staff at sick call did not amount to deliberate indifference); Gutierrez v. Peters, 111 F.3d 1364, 1374 (7th Cir. 1997) ("isolated instances of neglect … cannot support a finding of deliberate indifference"). While Plaintiff complains about Hemrich and Steven's response to the brown water, he admits that Steven attempted to retrieve alternate water from the dietary department. The Court finds that this single interaction is not sufficient to plausibly suggest deliberate indifference on behalf of Hemrich and Steven.

Plaintiff also names William Loy (a warden or former warden), but he does not mention Loy at all in the factual narrative of his complaint. Naming a defendant without describing their role is insufficient to state a claim. *Black v. Lane*, 22 F.3d 1395, 1401 at n.8 (7th Cir. 1994).

## DISCUSSION

As the Court explained upon initial review of the original complaint (Doc. 4), the lack of appropriate drinking water in the prison setting can form a basis for a constitutional claim under the Eighth Amendment. The Eighth Amendment imposes

duties on prison officials to "provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The provision of adequate water is one of the requirements of humane conditions of confinement. *See e.g.*, *Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019) (collecting cases for the proposition that days-long deprivations of water can violate the Eighth Amendment). "[P]risoners are not entitled to Fiji Water on demand, but on the other end of the spectrum, a defendant cannot purposefully deny water until a prisoner is on the brink of death[.]" *Hardeman*, 933 F.3d at 823-24.

Conditions of confinement claims premised on access to water are very context specific. Indeed, "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell[.]" *Jelinek v. Roth*, 1994 WL 447266, at * 2 (7th Cir. Aug. 19, 1994). Courts have concluded that a lack of acceptable running water in an inmate's cell may not violate the constitution if he has access to drinking water in other areas of the prison. *Ramirez v. Beatty*, 1994 WL 758, at *3 (7th Cir. March 8, 1994); *Artis v. Neal*, 2025 WL 2773381 at * 2 (N.D. Ind. Sept. 29, 2025) (finding that an inmate adequately alleged a lack of drinking water when the only water was dirty, and smelled of sewage, and no alternative water was offered for days or weeks during lockdowns); *Sims v. Scanlon*, 2023 WL 4028984, at * 5-6 (S.D. Ind. June 15, 2023) (finding an inmate's claim sufficient to proceed beyond summary judgment where he alleged he was without water in his cell or had water that was contaminated, and who only got beverages at breakfast); *Williams v. Collins*, 2015 WL 4572311, at * 4 (N.D. Ill. July 29, 2015) (finding that an inmate stated an Eighth Amendment claim where he alleged he

was without water in his cell, or had access to drinking water only 3 hours per day, had sufficient allegations to proceed beyond a motion to dismiss).

At this preliminary juncture, Plaintiff's allegations are sufficient to suggest that Defendants Jennings and Hughes were aware of instances when he did not have access to adequate drinking water, yet the failed to act to remedy the situation. Plaintiff alleges he had at least one personal conversation with Jennings about the water and the physical repercussions for him, but Jennings did not provide assistance. Jennings was also the signatory on multiple grievances about the issue in 2024 and 2025. He also alleges Hughes did not adequately investigate grievances, and points to an instance when he believes a response of hers was blatantly false. These allegations are sufficient for now, but Plaintiff will need to establish significant additional facts to prevail on his claims, such as demonstrating the water was actually unsafe for consumption, that it directly caused his physical ailments, and that these defendants had personal knowledge of the issue and a role in failing to remediate the problem.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claims 1 and 2** of the Amended Complaint (Doc. 5) survive against Defendants Hughes and Jennings. By contrast, Plaintiff has failed to state a claim against Defendants Loy, Hemrich, and Steven, and the Clerk shall **TERMINATE** Loy, Hemrich, and Steven.

The Clerk of Court is **DIRECTED** to prepare for Defendants Latoya Hughes and Chad Jennings: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to

mail these forms, a copy of the Amended Complaint (Doc. 5), and this Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will likely involve the exchange of medical records.

**IT IS SO ORDERED.**

Dated: December 17, 2025                                   /s/ *David W. Dugan*
                                                                        _____
                                                                        DAVID W. DUGAN
                                                                        United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.